UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JAMES KILKENNY, et al., as TRUSTEES of the :
LOCAL 175 PENSION FUND, JAMES :    Civil Action No.:
KILKENNY, et al., as TRUSTEES of the :
LOCAL 175 WELFARE FUND, JAMES :
KILKENNY, et al., as TRUSTEES of the :
LOCAL 175 ANNUITY FUND, and JAMES :
KILKENNY, et al., as TRUSTEES of the :
LOCAL 175 TRAINING FUND, :
                                                                :
Plaintiffs,                                             :
                                                                :
                    -against-                          :
                                                                :
                                                                :
NICO ASPHALT PAVING INC. and :
CITYWIDE PAVING INCORPORATED, :
                                                                :
Defendants.                                         :
------------------------------------------------------------- x

<u>COMPLAINT</u>

Plaintiffs, the Trustees and Fiduciaries ("Plaintiffs" or the "Trustees") of the Local Union 175 Pension Fund (the "Pension Fund"), the Local Union 175 Welfare Fund (the "Welfare Fund"), the Local Union 175 Annuity Fund (the "Annuity Fund"), and the Local Union 175 Apprenticeship, Skill Improvement and Training Fund (the "Training Fund") (hereinafter the Pension Fund, the Welfare Fund, the Annuity Fund, and the Training Fund are referred to collectively as the "Funds"), by their attorneys, Rothman Rocco LaRuffa, LLP, complaining of Defendants Nico Asphalt Paving Inc. ("Nico") and Citywide Paving Incorporated ("Citywide") (hereinafter when referred to collectively, Nico and Citywide shall be referred to as "Defendants"), allege as follows:

## NATURE OF ACTION

1.     The Trustees bring this action, pursuant to the pertinent provisions of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, including but not limited to ERISA Sections 502(a)(3) and 515, 29 U.S.C. §§ 1132(a)(3), 1145, to collect unpaid benefit fund contributions, plus interest, the greater of additional interest or liquidated damages in the form of twenty percent (20%) of the contributions due, audit fees, attorneys' fees, and other collection costs from Defendants.  Further, Plaintiffs seek to hold Defendants liable as a single employer, as alter egos of one another, and to hold Citywide liable as a successor to Nico.  In addition, Plaintiffs seek to compel Defendants to submit to audit by the Funds.

2.     In bringing this action, the Trustees are enforcing the Funds' Agreements and Declarations of Trust (the "Trust Agreements") that govern the Funds, as well as the collective bargaining agreements between Nico and Local Union 175, United Plant and Production Workers, International Association of Machinists, AFL-CIO (the "Union").

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to Sections 502(e)(1) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e)(1), (f), and 28 U.S.C. §§ 1331 and 1337.

4.     Venue properly lies in this District under the provisions of Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds are administered within this District, a breach took place within this District, and Defendants reside or may be found within this District.

2

## THE PARTIES

5.      Plaintiffs are the Trustees of the Funds, and collectively are the "plan sponsor"

within the meaning of ERISA Section 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).  The Trustees

are fiduciaries of the Funds, as defined by ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A).

6.      The Funds are employee benefit plans within the meaning of ERISA Section 3(3),

29 U.S.C. § 1002(3), and are multi-employer plans within the meaning of ERISA Section 3(37),

20 U.S.C. § 1002(37).  They were established pursuant to the terms of various collective

bargaining agreements between the Union, which is a labor organization representing employees

in an industry affecting commerce, and various employers.  The Funds provide pension, health

and welfare, annuity, and job training benefits to covered employees, retirees, and their

dependents and beneficiaries.  The Funds are operated pursuant to the terms of the Trust

Agreements.

7.      The Funds maintain offices and are administered at 99 Mineola Avenue, Roslyn

Heights, New York 11577 in the County of Nassau.

8.      Upon information and belief, Defendant Nico is a New York corporation that

maintains a principal place of business at 341 Nassau Avenue, Brooklyn, New York 11222.

9.      Upon information and belief, Defendant Citywide is a New York corporation that

maintains a principal place of business at 341 Nassau Avenue, Brooklyn, New York 11222.


## THE COLLECTIVE BARGAINING AGREEMENTS

10.     Nico was a party to a series of collective bargaining agreements with the Union

for the period of 2005 through present (the "collective bargaining agreements").

11.     Under the terms of the collective bargaining agreements, Nico was bound by all the terms and conditions of the Trust Agreements, and the Trust Agreements were made a part of each collective bargaining agreement and incorporated within each collective bargaining agreement.

12.     Nico's collective bargaining agreements provide, in pertinent part, that "[t]he Employer stipulates that any firm engaging in Site and Grounds Improvements, Utility, Paving and Road Building Work in which it has or acquires a financial interest, shall be bound by all of the terms and conditions of this Agreement."

## RELATIONSHIP BETWEEN NICO AND CITYWIDE

13.     Upon information and belief, at all times relevant to this action, Nico and Citywide shared common ownership.

14.     Upon information and belief, at all times relevant to this action, Nico and Citywide shared common management.

15.     Upon information and belief, at all times relevant to this action, Nico and Citywide shared common operations.

16.     Upon information and belief, at all times relevant to this action, Nico and Citywide shared common supervision.

17.     Upon information and belief, at all times relevant to this action, Nico and Citywide shared common customers.

18.     Upon information and belief, at all times relevant to this action, Nico and Citywide shared common equipment.

19.     Upon information and belief, at all times relevant to this action, Nico and

Citywide shared common vehicles.

20.    Upon information and belief, at all times relevant to this action, Nico and Citywide shared a common business purpose.

21.    Upon information and belief, at all times relevant to this action, the employees of Nico and Citywide shared similar working conditions.

22.    Upon information and belief, at all times relevant to this action, the employees of Nico and Citywide shared similar job classifications.

23.    Upon information and belief, at all times relevant to this action, the employees of Nico and Citywide shared similar skills and job functions.

24.    Upon information and belief, at all times relevant to this action, the employees of Nico and Citywide performed similar services for customers.

25.    Upon information and belief, at all times relevant to this action, the employees of Nico and Citywide interchanged between the two companies.

26.    Upon information and belief, at all times relevant to this action, the employees of Nico and Citywide worked out of the same locations.

27.    Upon information and belief, at all times relevant to this action, Citywide was used to avoid Nico's obligations under the collective bargaining agreement(s) with the Union.

## DUTY TO MAKE CONTRIBUTIONS AND SUBMIT TO AUDIT

28.    The collective bargaining agreements and the Trust Agreements require Nico to make contributions to the Funds in specified amounts for hours worked and/or paid in employment covered by the collective bargaining agreements ("covered employment").

29.     The collective bargaining agreements and the Trust Agreements require Citywide to make contributions to the Funds in specified amounts for covered employment.

30.     The collective bargaining agreements and the Trust Agreements require Nico to submit detailed written reports of hours worked and/or paid in covered employment ("remittance reports") each month.

31.     The collective bargaining agreements and the Trust Agreements require Citywide to submit remittance reports each month.

32.     Nico submitted monthly remittance reports to the Funds during the period from 2005 through February, 2016.

33.     The remittance reports submitted by Nico did not include hours worked by employees in covered employment that appeared on the payroll of Citywide.

34.     The remittance reports submitted by Nico did not include all hours worked by employees in covered employment.

35.     Citywide has not submitted remittance reports to the Funds.

36.     The Trust Agreements and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorize the Trustees to bring actions to enforce an employer's obligations to the Funds based upon its collective bargaining agreements with the Union or other pertinent writings.  The collective bargaining agreements and the Trust Agreements, with the sanction of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), require payment of unpaid contributions.

37.     The collective bargaining agreements and the Trust Agreements, with the sanction of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), require payment of interest on

6

unpaid contributions at the rate of ten percent (10%) per annum.

38.     The collective bargaining agreements and the Trust Agreements, with the

sanction of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), require payment of the greater

of an amount equal to the interest on unpaid contributions or liquidated damages in an amount

equal to twenty percent (20%) of the unpaid contributions.

39.     The collective bargaining agreements and the Trust Agreements, with the

sanction of Section 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(g)(2), require payment of audit fees,

reasonable attorneys' fees, costs and such other and further equitable relief as the Court deems

appropriate.

40.     The Trust Agreements and ERISA obligate the Trustees to locate any asserts that

are due the Funds and require Nico and Citywide to submit to audit and re-audit by the Funds.

41.     If Defendants refuse to provide the Trustees' auditors with the pertinent books

and records, it will be in violation of Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which

requires an employer to "maintain records with respect to each of his employees sufficient to

determine the benefits due or which may become due to such employees." In addition, under

Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for an examination period

of not less than six years."

42.     In any action by the Trustees seeking the production of books and records by

employers for audit purposes, the Funds are entitled to reasonable attorneys' fees and costs.


FIRST CAUSE OF ACTION

43.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 42,

as if the same were fully set forth herein.

44.     Upon information and belief, Nico underreported and underpaid contributions owed to the Funds.

45.     Such underreporting and underpayment is a breach of the collective bargaining agreement(s) and the Trust Agreements, and places Nico in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

46.     Nico's actions have injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs to the Funds.

47.     Accordingly, because of the above-described actions, Nico is liable for the unpaid contributions owed to the Funds; interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.


SECOND CAUSE OF ACTION

48.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 47, as if the same were fully set forth herein.

49.     Upon information and belief, Citywide underreported and underpaid contributions owed to the Funds.

50.     Such underreporting and underpayment is a breach of the collective bargaining agreement(s) and the Trust Agreements, and places Citywide in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

51.     Citywide's actions have injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs to the Funds.

52.     Accordingly, because of the above-described actions, Citywide is liable for the unpaid contributions owed to the Funds; interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.


THIRD CAUSE OF ACTION

53.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 52, as if the same were fully set forth herein.

54.     Upon information and belief, at all times relevant to this action, Citywide was an alter ego of Nico.

55.     Citywide is jointly and severally liable with Nico for all sums owed to the Trustees by Nico, including all unpaid contributions, interest, additional interest or liquidated damages, costs and attorneys' fees.

56.     In addition, Nico and Citywide are jointly and severally liable for benefit contributions owed to Plaintiffs for each hour paid to and/or worked by employees of Citywide for work performed in employment covered by the collective bargaining agreement(s) between the Union and Nico plus interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs

and reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

57.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 56, as if the same were fully set forth herein.

58.     Upon information and belief, at all times relevant to this action, Citywide was a single employer with Nico.

59.     Citywide is jointly and severally liable with Nico for all sums owed to the Trustees by Nico, including all unpaid contributions, interest, additional interest or liquidated damages, costs and attorneys' fees.

60.     In addition, Nico and Citywide are jointly and severally liable for benefit contributions owed to Plaintiffs for each hour paid to and/or worked by employees of Citywide for work performed in employment covered by the collective bargaining agreement(s) between the Union and Nico, plus interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

61.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 60, as if the same were fully set forth herein.

62.     Nico and Citywide shared common ownership at all material times.

10

63.     At and immediately after the time Citywide commenced operations, assets used by Nico were transferred to it.

64.     At and immediately after the time Citywide commenced operations, substantially all its assets had been assets used by Nico prior to the commencement of operations by Citywide.

65.     At and immediately after the time Citywide commenced operations, all the businesses it operated had been operated by Nico prior to the commencement of operations by Citywide.

66.     At and immediately after the time Citywide commenced operations, it operated vehicles which had been operated by Nico prior to the commencement of operations by Citywide.

67.     At and immediately after the time Citywide commenced operations, it used equipment which had been used by Nico prior to the commencement of operations by Citywide.

68.     At and immediately after the time Citywide commenced operations, substantially all its employees that can be classified as covered employees under the collective bargaining agreement(s) had worked as covered employees for Nico prior to the commencement of operations by Citywide.

69.     At and immediately after the time Citywide commenced operations, its employees were supervised by people who had supervised them when they worked for Nico.

70.     At and immediately after the time Citywide commenced operations, it engaged in the same type of work that Nico had engaged in prior to the commencement of operations by Citywide.

11

71.    At and immediately after the time Citywide commenced operations, it performed work for customers who had been customers of Nico prior to the commencement of operations by Citywide.

72.    At and immediately after the time Citywide commenced operations, it provided services for the purpose of fulfilling various contractual obligations of Nico.

73.    At and immediately after the time Citywide commenced operations, it paid debts owed by Nico.

74.    Citywide had notice of the delinquent contributions owed by Nico because the same individuals owned and operated both companies at all material times.

75.    Citywide is a successor of Nico.  As such, Citywide is liable for the delinquent benefit fund contributions owed by Nico to the Funds, plus interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

76.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 75, as if the same were fully set forth herein.

77.    Nico and the Union agreed to the following provision in the collective bargaining agreements between them:

### *ARTICLE X*

### *Intent of Agreement*

*Section I – Spirit of Agreement*

*This Agreement and all of its terms and provisions are predicated on an effort and a spirit of bringing about more equitable conditions in the Construction Industry, and the language herein shall not be misconstrued to evade the principles or intent of this Agreement.*

*Section 2 – Binding Subcontractors and Other Firms*

*...*

*(d)    The Employer stipulates that any firm engaging in Site and Grounds Improvements, Utility, Paving and Road Building Work in which it has or acquires a financial interest, shall be bound by all of the terms and conditions of this Agreement.*

78.    Nico has and has had for all time periods material to this Complaint a financial interest in Citywide.

79.    Citywide engages and has engaged for all time periods material to this Complaint in Site and Grounds Improvements, Utility, Paving and Road Building Work.

80.    Thus, Citywide is bound by the terms of the collective bargaining agreements Nico signed with the Union.

81.    Accordingly, Citywide and Nico are jointly and severally liable to pay benefit contributions to the Funds for each hour paid to and/or worked by employees of Citywide for work performed in employment covered by the collective bargaining agreement(s) between the Union and Nico, plus interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.

SEVENTH CAUSE OF ACTION

82.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 81 as if the same were fully set forth herein.

83.     Nico and the Union agreed to the following provision in the collective bargaining agreements between them:

### *ARTICLE X*

*Intent of Agreement*

*Section I – Spirit of Agreement*

*This Agreement and all of its terms and provisions are predicated on an effort and a spirit of bringing about more equitable conditions in the Construction Industry, and the language herein shall not be misconstrued to evade the principles or intent of this Agreement.*

*Section 2 – Binding Subcontractors and Other Firms*

*(a)     The terms, covenants and conditions of this Agreement shall be binding upon all Subcontractors at the site to whom the Employer may have sublet all or part of a contract entered into by the Employer. The Employer shall guarantee payments on behalf of its subcontractor(s) for wages and contributions set forth in this Agreement.*

*(b)     That the Employer, upon thirty (30) days notice from the Union, must withhold any and all moneys due Subcontractors until such time that the Employer is assured by the Union that the Subcontractor has met all financial obligations with respect to the payment of Welfare, Pension and other fringe benefits to the Funds involved. Provided, however, that the absence of such notice shall not effect the Employer's liability hereunder for its Subcontractors' failure to meet all financial obligations with respect to the payment of Welfare, Pension and other fringe benefits to the Funds.*

*(c)     The Employer shall guarantee payment on behalf of its Subcontractor(s) for wages and contributions set forth in this Agreement.*

84.     Nico sublet all or part of a contract to Citywide for all time periods material to this Complaint.

85.     Thus, Citywide is bound to the collective bargaining agreements to the extent it performs work as a Subcontractor of Nico.

14

86.    Accordingly, Nico and Citywide are jointly and severally liable to pay benefit contributions to the Funds owed for each hour paid to and/or worked by employees of Citywide for work Nico sublet to Citywide, plus interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.

## EIGHTH CAUSE OF ACTION

87.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 86, as if the same were fully set forth herein.

88.    The Trust Agreements and ERISA require Nico and Citywide to produce their books and records for audit by the Trustees.

89.    Nico and Citywide have failed and refused to produce their books and records for audit by the Funds.

90.    Because of Defendants' refusal to produce their books and records, the Funds are entitled to an Order from the Court compelling Nico and Citywide to submit their books and records to the Funds for all time periods material to this Complaint plus an award of attorneys' fees, audit fees, and all costs and disbursements.

## NINTH CAUSE OF ACTION

91.    Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through

90 as if the same were fully set forth herein.

92.     To the extent that any Defendant claims that it has not maintained pertinent books and records for any portion of the periods sought to be audited, it has violated the terms of the collective bargaining agreements and the Trust Agreements.

93.     To the extent that any Defendant claims that it has not maintained pertinent books and records for any portion of the periods sought to be audited, it has also violated Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees."  In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for examination for a period of not less than six years."

94.     To the extent that any Defendant claims that it has not maintained pertinent books and records for any portion of the periods sought to be audited, it has also violated Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

95.     The Trust Agreements and ERISA empower the Trustees to take whatever action may be proper and necessary in their discretion to enforce an employer's obligations to the Funds and to protect the financial integrity of the Funds.

96.     Thus, to the extent that evidence exists enabling the Trustees to approximate contributions owed by an employer that has failed to maintain pertinent books and records, the Trustees may utilize such evidence to estimate contributions owed to the Funds.

97.     To the extent that evidence exists enabling Plaintiffs to approximate contributions owed by an employer that has failed to submit pertinent books and records, that employer must accept Plaintiffs' reasonable estimate of contributions owed.

98.     Therefore, Plaintiffs are entitled, under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the estimated amount of unpaid contributions, plus interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; costs and reasonable attorneys' fees, and such other legal or equitable relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, as follows:

1.      On the First Cause of Action

An Order directing Nico to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from April 1, 2011 through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

2.    <u>On the Second Cause of Action</u>

An Order directing Citywide to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from April 1, 2011 through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

3.    <u>On the Third Cause of Action</u>

An Order directing Nico and Citywide to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from April 1, 2011 through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

4.    <u>On the Fourth Cause of Action</u>

An Order directing Nico and Citywide to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from April 1, 2011 through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date

each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

     5.     <u>On the Fifth Cause of Action</u>

     An Order directing Citywide to pay Plaintiffs: (a) the amount in unpaid contributions that Nico owes for the period from April 1, 2011 through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

     6.     <u>On the Sixth Cause of Action</u>

     An Order directing Nico and Citywide to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from April 1, 2011 through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just

and proper.

7.     On the Seventh Cause of Action

An Order directing Nico and Citywide to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for work Nico sublet to Citywide for the period from April 1, 2011 through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

8.     On the Eighth Cause of Action

An Order directing Defendants to present their pertinent books and records for the period from April 1, 2011 through the present within thirty (30) days of Judgment to the Trustees' auditors for examination; plus, pay all costs and disbursements of this suit, including, but not limited to, audit fees and reasonable attorneys' fees; and such other and further equitable relief as this Court deems appropriate

9.     On the Ninth Cause of Action

In the event that any Defendant claims it has not maintained pertinent books and records for any portion of the period sought to be audited, an Order directing entry of judgment against it in the following amounts:

(a)  To the extent that any Defendant claims it has not maintained pertinent books and records for any portion of the period sought to be audited, an Order directing entry of

judgment against Defendants for unpaid contributions as estimated by Plaintiffs' use of available evidence; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees, incurred in this action; and (e) such other and further equitable relief as this Court deems appropriate.

Dated: March 16, 2017
      Elmsford, New York

                              *s/ Matthew P. Rocco*
                              *s/ William K. Wolf*

                        By: _____
                              Matthew P. Rocco (MR 2496)
                              William K. Wolf (WW 7906)

                        ROTHMAN ROCCO LaRUFFA, LLP
                        3 West Main Street – Suite 200
                        Elmsford, New York 10523
                        T: (914) 478-2801
                        F: (914) 478-2913
                        Email: mrocco@rothmanrocco.com
                        Email: wwolf@rothmanrocco.com

                        *Attorneys for Plaintiffs*